IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| STATE OF MARYLAND, et al. | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | Nos. 20-5268 & 20-5283 |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, et al. | ) ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**APPELLANT STATES' SUGGESTION OF MOOTNESS
AND MOTION FOR *MUNSINGWEAR* VACATUR**

This case challenged actions by the U.S. Department of Education that no longer have effect. Appellant States therefore respectfully suggest that the case is moot and request that the Court vacate the district court's order and opinion and remand the case with instructions to dismiss the case as moot, consistent with *United States v. Munsingwear*, 340 U.S. 36 (1950). Appellant States have conferred with Appellees' counsel and Appellees do not oppose the suggestion of mootness but do oppose the request to vacate the district court's order and opinion.

**1.** Title IV of the Higher Education Act, Pub. L. No. 89-329, 79 Stat. 1219 (1965), authorizes the federal government to provide financial aid to students at institutions of higher education. *See, e.g.*, 20 U.S.C. § 1070. Proprietary and vocational institutions of higher education are entitled to receive such aid only if they "provide[] an eligible program of training to prepare students for gainful employment in a recognized occupation." *Id.* § 1002(b)(1)(A)(i), (c)(1)(A). In 2014, the Department promulgated a rule to enforce this so-called "gainful employment" requirement. *See* 79 Fed. Reg. 64,890 (Oct. 31, 2014) ("GE Rule"). Under the GE Rule, the Department enforced the statutory eligibility requirement by evaluating the debt and earnings of each program's graduates. Programs were found to prepare students for gainful employment if graduates' debt was below a certain percentage of their earnings. Any program that repeatedly produced cohorts of graduates with poor debt-to-earnings ratios would become ineligible to receive

federal financial aid under Title IV. Institutions had annual deadlines to review the data that informed the Department's evaluations. That review ensured the accuracy of the Department's evaluations. Institutions also had annual deadlines to appeal an adverse assessment of any of their programs. And the GE Rule imposed annual deadlines for institutions to disclose pertinent information about their programs to current and prospective students.

In 2017, after a change in administration, the Department issued the first of several notices delaying compliance deadlines under the GE Rule. *See* Gainful Employment Electronic Announcement #105 (Mar. 6, 2017)[1]; *see also* 82 Fed. Reg. 30,975 (July 5, 2017); 82 Fed. Reg. 39,362 (Aug. 18, 2017); 83 Fed. Reg. 28,177 (June 18, 2018). The notices delayed compliance requirements until July 1, 2019, effectively repealing the GE Rule through that date.

Along with the delays, the Department initiated a rulemaking to formally repeal the GE Rule in its entirety. 83 Fed. Reg. 40,167 (Aug. 14, 2018). The final rule was published on July 1, 2019, with a July 1, 2020 effective date. 84 Fed. Reg. 31,392 (July 1, 2019) ("Repeal Rule").

The States instituted this action in 2017, challenging the Department's delays under the Administrative Procedure Act. *See* Compl., ECF No. 1; Am.

---

[1] https://ifap.ed.gov/electronic-announcements/03-06-2017-gainful-employment-subject-gainful-employment-electronic.

Compl., ECF No. 65-2.[2] Once the Repeal Rule was published, the Department moved to dismiss this action in the district court, asserting that the Repeal Rule mooted the States' claims. Defs.' Suppl. Mot. to Dismiss, ECF No. 86. The States' opposed that motion because, until the Repeal Rule's effective date on July 1, 2020, the Department had an obligation to enforce the GE Rule; further, there remained a possibility that the Repeal Rule would be enjoined or vacated. Pls.' Opp'n to Defs.' Suppl. Mot. to Dismiss, ECF No. 87.

Just four days before the Repeal Rule's effective date, the district court entered an order granting the Department's motion to dismiss the case as moot, but explaining that the order was based on the States lacking Article III standing to challenge the Department's delays. Order, ECF No. 106. Three weeks later the district court published a memorandum opinion explaining the order. Mem. Op., ECF No. 107.

**2.** Soon after the district court granted the Department's motion to dismiss, the Repeal Rule took effect. The Repeal Rule eliminates entirely the regulatory requirements that the Department was unreasonably delaying, thus depriving the delay notices of any force. And while there are several suits challenging the Repeal Rule, including two brought by some of the States here, the Repeal Rule has not

---

[2] Citations are to the district court's docket.

3

been enjoined or vacated.³ Therefore, the Repeal Rule has mooted this case. *See, e.g.*, *Schmidt v. United States*, 749 F.3d 1064, 1068 (D.C. Cir. 2014) (noting that a case is moot when the issues presented are no longer live).

**3.** Because this case became moot after the district court's order dismissing the case, the Court should vacate the district court's order and accompanying memorandum opinion, and direct that the case instead be dismissed as moot.

When a civil case becomes moot, "[t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). Vacatur "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." *Id.* at 40. "[I]f the party who lost below did not cause the case to become moot, that is, if happenstance or the actions of the prevailing party ended the controversy, vacatur remains the standard form of relief." *N. Cal. Power Agency v. Nuclear Reg. Comm'n*, 393 F.3d 223, 225 (D.C. Cir. 2004). Because vacatur is an equitable remedy, the Court looks "to notions of fairness when deciding whether to use the remedy." *Sands v. NLRB*, 825 F.3d 778, 785 (D.C. Cir. 2016); *see also Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 115 (D.C. Cir. 2016)

---

³ *See Am. Fed'n of Teachers v. DeVos*, No. 20-00455 (N.D. Cal., filed Jan. 22, 2020); *California v. DeVos*, No. 20-01889 (N.D. Cal., filed Mar. 18, 2020); *Pennsylvania v. DeVos*, No. 20-1719 (D.D.C., filed June 24, 2020).

4

(explaining that moot cases should be disposed of "in the manner most consonant to justice") (citations omitted).

Here, vacatur is fair because mootness resulted from the Repeal Rule, a circumstance outside the States' control. Moreover, vacatur will clear the path for future litigation of similar issues in a pending challenge to the Repeal Rule itself. And vacatur is particularly appropriate where, as here, the judgment implicates important constitutional issues. *See, e.g.*, *Clarke v. United States*, 915 F.2d 699, 708 (D.C. Cir. 1990) ("emphasiz[ing] the avoidance of constitutional questions as one of the bases for vacatur"). The district court's order and memorandum opinion address state standing under Article III to sue the federal government, which implicates unsettled issues of federalism and the balance of power between competing sovereigns. For all these reasons, *Munsingwear* vacatur is warranted.

# CONCLUSION

For the foregoing reasons, this Court should vacate the district court's Order, ECF No. 106, and Memorandum Opinion, ECF No. 107, and remand with instructions to dismiss the case as moot.

Respectfully submitted,

| | |
|---|---|
| **BRIAN E. FROSH** | **JOSH SHAPIRO** |
| *Attorney General* | *Attorney General* |
| *State of Maryland* | *Commonwealth of Pennsylvania* |
| | |
| /s/ *Christopher J. Madaio* | Michael J. Fischer |
| Christopher J. Madaio (*application for admission forthcoming*) | Jesse F. Harvey |
| Assistant Attorney General | Chief Deputy Attorneys General |
| Office of the Attorney General | /s/ *Jacob B. Boyer* |
| Consumer Protection Division | Jacob B. Boyer |
| 200 St. Paul Place, 16th Floor | Kevin R. Green |
| Baltimore, MD 21202 | Francesca Iovino |
| (410) 576-6585 | Deputy Attorneys General |
| cmadaio@oag.state.md.us | Office of the Pennsylvania Attorney General |
| *Counsel for Appellant the State of Maryland* | 1600 Arch Street, Suite 300 |
| | Philadelphia, PA 19103 |
| | (267) 768-3968 |
| | jboyer@attorneygeneral.gov |
| | *Counsel for Appellant the Commonwealth of Pennsylvania* |

**XAVIER BECERRA**
*Attorney General*
*State of California*

Nicklas A. Akers
Senior Assistant Attorney General

/s/ *Bernard A. Eskandari*
Bernard A. Eskandari
Supervising Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, California 90013
(213) 269-6348
bernard.eskandari@doj.ca.gov
*Counsel for Appellant the People of the State of California*

**MAURA HEALEY**
*Attorney General*
*Commonwealth of Massachusetts*

/s/ *Yael Shavit*
Yael Shavit (*application for admission pending*)
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2197
yael.shavit@mass.gov
*Counsel for Appellant the Commonwealth of Massachusetts*

**WILLIAM TONG**
*Attorney General*
*State of Connecticut*

/s/ *John Langmaid*
John Langmaid
Assistant Attorney General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5270
John.Langmaid@ct.gov
*Counsel for Appellant the State of Connecticut*

**KATHLEEN JENNINGS**
*Attorney General*
*State of Delaware*

/s/ *Christian Douglas Wright*
Christian Douglas Wright
Director of Impact Litigation
Vanessa L. Kassab
Deputy Attorney General
Delaware Department of Justice
820 North French Street, 5th Floor
Wilmington, DE 19801
(302) 577-8600
christian.wright@delaware.gov
vanessa.kassab@delaware.gov
*Counsel for Appellant the State of Delaware*

**KARL A. RACINE**
*Attorney General*
*District of Columbia*

/s/ *Caroline S. Van Zile*
Caroline S. Van Zile
Principal Deputy Solicitor General
Office of the Attorney General for the District of Columbia
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 724-6609
caroline.vanzile@dc.gov
*Counsel for Appellant the District of Columbia*

**KWAME RAOUL**
*Attorney General*
*State of Illinois*

/s/ *Sarah Hunger*
Sarah Hunger
Deputy Solicitor General
Greg Grzeskiewicz
Bureau Chief, Consumer Fraud Bureau
Joseph Sanders
Gregory W. Jones
Assistant Attorneys General
Office of the Illinois Attorney General
Consumer Fraud Bureau
100 West Randolph Street, 12th Floor.
Chicago, IL 60601
(312) 814-5202
shunger@atg.state.il.us
*Counsel for Appellant the People of the State of Illinois*

**THOMAS J. MILLER**
*Attorney General*
*State of Iowa*

/s/ *Jacob Larson*
Jacob Larson
Assistant Attorney General
Office of Iowa Attorney General
Hoover State Office Building
1305 E. Walnut Street, 2nd Floor
Des Moines, Iowa 50319
(515) 281-5341
jacob.larson@ag.iowa.gov
*Counsel for Appellant the State of Iowa*

**CLARE E. CONNORS**
*Attorney General*
*State of Hawaii*

/s/ *Thomas Francis Mana Moriarty*
Thomas Francis Mana Moriarty
Deputy Attorney General
425 Queen Street
Honolulu, HI 96813
(808) 586-1180
mana.moriarty@hawaii.gov
*Counsel for Appellant the State of Hawaii*

8

**KEITH ELLISON**
*Attorney General*
*State of Minnesota*

/s/ *Kathryn Landrum*
Kathryn Landrum
Assistant Attorney General
Bremer Tower, Suite 1100
445 Minnesota Street
St. Paul, MN 55101
(651) 757-1189
kathryn.landrum@ag.state.mn.us
*Counsel for Appellant the State of Minnesota*

**JOSHUA H. STEIN**
*Attorney General*
*State of North Carolina*

/s/ *Matthew L. Liles*
Matthew L. Liles (*application for admission forthcoming*)
Assistant Attorney General
North Carolina Department of Justice
114 West Edenton Street
Raleigh, NC 27603
(919) 716-0141
mliles@ncdoj.gov
*Counsel for Appellant the State of North Carolina*

**LETITIA A. JAMES**
*Attorney General*
*State of New York*

/s/ *Steven C. Wu*
Steven C. Wu
Deputy Solicitor General
28 Liberty Street
New York, NY 10005
(212) 416-6312
steven.wu@ag.ny.gov
*Counsel for Appellant the State of New York*

**ELLEN F. ROSENBLUM**
*Attorney General*
*State of Oregon*

/s/ *Brian S. Marshall*
Brian S. Marshall
Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97101
(971) 673-1880
brian.s.marshall@doj.state.or.us
*Counsel for Appellant the State of Oregon*

**PETER F. NERONHA**
*Attorney General*
*State of Rhode Island*

/s/ *Michael W. Field*
Michael W. Field
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Extension 2380
Fax: (401) 222-3016
mfield@riag.ri.gov
*Counsel for Appellant the State of Rhode Island*

**THOMAS J. DONOVAN, JR.**
*Attorney General*
*State of Vermont*

/s/ *Christopher J. Curtis*
Christopher J. Curtis
Assistant Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-5586
christopher.curtis@vermont.gov
*Counsel for Appellant the State of Vermont*

**MARK R. HERRING**
*Attorney General*
*Commonwealth of Virginia*

/s/ *Samuel T. Towell*
Samuel T. Towell
Deputy Attorney General, Civil Litigation
Mark S. Kubiak
Assistant Attorney General, Consumer Protection Section
202 North Ninth Street
Richmond, VA 23219
(804) 786-6731
stowell@oag.state.va.us
*Counsel for Appellant the Commonwealth of Virginia*

**ROBERT W. FERGUSON**
*Attorney General*
*State of Washington*

/s/ *Jeffrey T. Sprung*
Jeffrey T. Sprung
Assistant Attorney General
Office of the Washington Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 326-5492
jeff.sprung@atg.wa.gov
*Counsel for Appellant the State of Washington*

# **CERTIFICATE OF PARTIES**

In accordance with Circuit Rule 27(a)(4) and 28(a)(1), Appellant States certify as follows:

The plaintiffs-appellants are Maryland, Pennsylvania, California, Massachusetts, Connecticut, Delaware, the District of Columbia, Illinois, Iowa, Hawaii, Minnesota, New York, North Carolina, Oregon, Rhode Island, Vermont, Virginia, and Washington.

The defendants-appellants are the United States Department of Education and Secretary of Education Elisabeth D. DeVos (in her his official capacity).

The parties in this Court are the same as the parties in the district court. There have been no changes to the parties or the caption.

The *amici curiae* supporting the plaintiffs in the district court were the American Federation of Teachers, the Center for Public Interest Law, the Center for Responsible Lending, the Children's Advocacy Institute, Consumer Action, the Consumer Federation of California, Demos, the Mississippi Center for Justice, Public Citizen, Inc., Public Counsel, Public Good Law Center, Public Law Center, UnidosUS, Veterans Education Success, Veterans' Student Loan Relief Fund, and Young Invincibles. No *amici* have appeared in this Court

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2020, I served a copy of the foregoing document to Appellees' counsel by email. Appellees' counsel consented to service by email under Federal Rule of Appellate Procedure 25.

/s/ *Jacob B. Boyer*
Jacob B. Boyer
Counsel for Appellants