IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF MARYLAND, et al. ) <br> ) <br>    Plaintiffs-Appellants, ) <br> )   Nos. 20-5268 & 20-5283 <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> EDUCATION, et al. ) <br> ) <br>    Defendants-Appellees. ) | |

**REPLY IN SUPPORT OF APPELLANT STATES' SUGGESTION OF MOOTNESS AND MOTION FOR *MUNSINGWEAR* VACATUR**

When a case becomes moots as it climbs through the federal judiciary, whether to vacate a lower court decision is an equitable question informed by fairness. *See Sands v. NLRB*, 825 F.3d 778, 785 (D.C. Cir. 2016). Fairness typically requires vacating a lower court decision when mootness resulted from the unilateral action of the prevailing party. *See Azar v. Garza*, 138 S. Ct. 1790, 1792 (2018).

Although that is the case here, the Department of Education resists application of the ordinary rule because of the unique sequence of events in the district court. Specifically, the district court entered a non-appealable order dismissing the case on June 26 for the States' lack of Article III standing; the case became moot on July 1; and then on July 17 the district court issued a

1

memorandum opinion explaining the June 26 order and making that earlier order appealable. According to the Department, because the June 26 order was not an appealable order until after the case became moot on July 1, "final judgment was rendered because of circumstances within [the States'] control—namely, [the States] chose to press their case, refusing (until now) to concede that it became moot on July 1." Response to Suggestion of Mootness & Request for Vacatur ("Response") at 5. Therefore, the Department concludes, vacatur is not warranted. *Id.* But neither the States' conduct nor the unusual sequence of events below counsels against vacating the district court's decision.

  First, the Department's response focuses on the wrong question. Vacatur is appropriate when the prevailing party caused the case to become moot. *Garza*, 138 S. Ct. at 1792. So whether the States could have prevented the district court from issuing an opinion that explained its already-rendered order is beside the point.

  Second, although the Department maintains that vacatur would be improper because the States pressed on in the district court after the case became moot, the States, in fact, took no action after the case became moot—an event that happened after the district court had granted a motion to dismiss for lack of standing. The Department seems to fault the States for failing to ask the district court to dismiss the case under Federal Rule of Civil Procedure 41 sometime after July 1—even though the district court already had dismissed the case. Such a requirement would

be nonsensical. For the same reason, the Department's fear that vacating the decision below would encourage plaintiffs to litigate moot cases is misplaced. Moreover, this Court has advised district courts to avoid altogether the circumstance needed for the sort of conduct that the Department fears—namely, issuing an order followed later by an opinion that makes the prior order appealable. *St. Marks Place Hous. Co. v. U.S. Dep't of Hous. & Urban Dev.*, 610 F.3d 75, 81 (D.C. Cir. 2010). Thus, that peculiar pattern is unlikely to recur.

Third, as the Department notes, the June 26 order was not final for purposes of appellate jurisdiction. *See* Order at 2, ECF No. 106 (citing *St. Marks*, 610 F.3d at 80–82). But that does not mean the order had no effect on the proceedings in the district court. The June 26 order explicitly granted the Department's motion to dismiss. *Id.* The district court repeated in the July 17 opinion that the June 26 order dismissed the case. Mem. Op. at 48, ECF No. 107. Therefore, the event that mooted the case happened after the district court had dismissed the case on Article III grounds. The Department offers no explanation of what the June 26 order achieved or why the district court would have entered an order that had no effect. That the States may not have been able to immediately appeal the June 26 order does not change that that order dismissed the case for lack of standing.

If anything, the events below suggest even more strongly that vacatur is appropriate. Again, vacatur is an equitable remedy based in fairness. *Sands*, 825

3

F.3d at 785. Here, any uncertainty about what options were available in district court after the already-dismissed case became moot on July 1 results from the district court dismissing the case through a non-appealable order, a practice that this Court disfavors precisely because it is liable to cause confusion and potentially endanger litigants' procedural rights. *St. Marks,* 610 F.3d at 81–82; *see also Ali v. Pruitt*, 727 F. App'x 692, 695 (D.C. Cir. 2018). So even if the States could have re-dismissed their case in the district court, that unusual option does not make vacating the decision below any less fair.

Finally, while the States agree that the decision below does not have preclusive effect on any other litigation, *see* Response at 6, the decision below still may impair future litigation. Indeed, States' standing to sue the federal government is a commonly litigated question and one that is about to be briefed—based on similar theories of standing that were addressed below—in the same district court. *See Pennsylvania v. DeVos*, No. 20-1719 (D.D.C., filed June 24, 2020). Not only that, but the decision below was wrong under this Court's precedent and explicitly departs from how other circuits have resolved similar questions of state standing. Mem. Op. at 38–41.

For these reasons, the States respectfully request that the Court vacate the district court's Order, ECF No. 106, and Memorandum Opinion, ECF No. 107, and remand with instructions to dismiss the case as moot.

October 13, 2020

**BRIAN E. FROSH**
*Attorney General*
*State of Maryland*

/s/ *Christopher J. Madaio*
Christopher J. Madaio (*application for admission pending*)
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
(410) 576-6585
cmadaio@oag.state.md.us
*Counsel for Appellant the State of Maryland*

Respectfully submitted,

**JOSH SHAPIRO**
*Attorney General*
*Commonwealth of Pennsylvania*

Michael J. Fischer
Jesse F. Harvey
Chief Deputy Attorneys General

/s/ *Jacob B. Boyer*
Jacob B. Boyer
Kevin R. Green
Francesca Iovino
Deputy Attorneys General
Office of the Pennsylvania Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(267) 768-3968
jboyer@attorneygeneral.gov
*Counsel for Appellant the Commonwealth of Pennsylvania*

**XAVIER BECERRA**
*Attorney General*
*State of California*

Nicklas A. Akers
Senior Assistant Attorney General

/s/ *Bernard A. Eskandari*
Bernard A. Eskandari
Supervising Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, California 90013
(213) 269-6348
bernard.eskandari@doj.ca.gov
*Counsel for Appellant the People of the State of California*

**MAURA HEALEY**
*Attorney General*
*Commonwealth of Massachusetts*

/s/ *Yael Shavit*
Yael Shavit (*application for admission pending*)
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2197
yael.shavit@mass.gov
*Counsel for Appellant the Commonwealth of Massachusetts*

**WILLIAM TONG**
*Attorney General*
*State of Connecticut*

/s/ *John Langmaid*
John Langmaid
Assistant Attorney General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5270
John.Langmaid@ct.gov
*Counsel for Appellant the State of Connecticut*

**KATHLEEN JENNINGS**
*Attorney General*
*State of Delaware*

/s/ *Christian Douglas Wright*
Christian Douglas Wright
Director of Impact Litigation
Vanessa L. Kassab
Deputy Attorney General
Delaware Department of Justice
820 North French Street, 5th Floor
Wilmington, DE 19801
(302) 577-8600
christian.wright@delaware.gov
vanessa.kassab@delaware.gov
*Counsel for Appellant the State of Delaware*

**KARL A. RACINE**
*Attorney General*
*District of Columbia*

/s/ *Caroline S. Van Zile*
Caroline S. Van Zile
Principal Deputy Solicitor General
Office of the Attorney General for the District of Columbia
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 724-6609
caroline.vanzile@dc.gov
*Counsel for Appellant the District of Columbia*

**KWAME RAOUL**
*Attorney General*
*State of Illinois*

/s/ *Sarah Hunger*
Sarah Hunger
Deputy Solicitor General
Greg Grzeskiewicz
Bureau Chief, Consumer Fraud Bureau
Joseph Sanders
Gregory W. Jones
Assistant Attorneys General
Office of the Illinois Attorney General
Consumer Fraud Bureau
100 West Randolph Street, 12th Floor.
Chicago, IL 60601
(312) 814-5202
shunger@atg.state.il.us
*Counsel for Appellant the People of the State of Illinois*

**THOMAS J. MILLER**
*Attorney General*
*State of Iowa*

/s/ *Jacob Larson*
Jacob Larson
Assistant Attorney General
Office of Iowa Attorney General
Hoover State Office Building
1305 E. Walnut Street, 2nd Floor
Des Moines, Iowa 50319
(515) 281-5341
jacob.larson@ag.iowa.gov
*Counsel for Appellant the State of Iowa*

**CLARE E. CONNORS**
*Attorney General*
*State of Hawaii*

/s/ *Thomas Francis Mana Moriarty*
Thomas Francis Mana Moriarty
Deputy Attorney General
425 Queen Street
Honolulu, HI 96813
(808) 586-1180
mana.moriarty@hawaii.gov
*Counsel for Appellant the State of Hawaii*

| | |
|---|---|
| **KEITH ELLISON** <br> *Attorney General* <br> *State of Minnesota* <br><br> /s/ *Kathryn Landrum* <br> Kathryn Landrum <br> Assistant Attorney General <br> Bremer Tower, Suite 1100 <br> 445 Minnesota Street <br> St. Paul, MN 55101 <br> (651) 757-1189 <br> kathryn.landrum@ag.state.mn.us <br> *Counsel for Appellant the State of Minnesota* | **LETITIA A. JAMES** <br> *Attorney General* <br> *State of New York* <br><br> /s/ *Steven C. Wu* <br> Steven C. Wu <br> Deputy Solicitor General <br> 28 Liberty Street <br> New York, NY 10005 <br> (212) 416-6312 <br> steven.wu@ag.ny.gov <br> *Counsel for Appellant the State of New York* |
| **JOSHUA H. STEIN** <br> *Attorney General* <br> *State of North Carolina* <br><br> /s/ *Matthew L. Liles* <br> Matthew L. Liles (*application for admission pending*) <br> Assistant Attorney General <br> North Carolina Department of Justice <br> 114 West Edenton Street <br> Raleigh, NC 27603 <br> (919) 716-0141 <br> mliles@ncdoj.gov <br> *Counsel for Appellant the State of North Carolina* | **ELLEN F. ROSENBLUM** <br> *Attorney General* <br> *State of Oregon* <br><br> /s/ *Brian S. Marshall* <br> Brian S. Marshall <br> Assistant Attorney General <br> Oregon Department of Justice <br> 100 SW Market Street <br> Portland, OR 97101 <br> (971) 673-1880 <br> brian.s.marshall@doj.state.or.us <br> *Counsel for Appellant the State of Oregon* |

**PETER F. NERONHA**
*Attorney General*
*State of Rhode Island*

/s/ *Michael W. Field*
Michael W. Field
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Extension 2380
Fax: (401) 222-3016
mfield@riag.ri.gov
*Counsel for Appellant the State of Rhode Island*

**THOMAS J. DONOVAN, JR.**
*Attorney General*
*State of Vermont*

/s/ *Christopher J. Curtis*
Christopher J. Curtis
Assistant Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-5586
christopher.curtis@vermont.gov
*Counsel for Appellant the State of Vermont*

**MARK R. HERRING**
*Attorney General*
*Commonwealth of Virginia*

/s/ *Samuel T. Towell*
Samuel T. Towell
Deputy Attorney General, Civil Litigation
Mark S. Kubiak
Assistant Attorney General, Consumer Protection Section
202 North Ninth Street
Richmond, VA 23219
(804) 786-6731
stowell@oag.state.va.us
*Counsel for Appellant the Commonwealth of Virginia*

**ROBERT W. FERGUSON**
*Attorney General*
*State of Washington*

/s/ *Jeffrey T. Sprung*
Jeffrey T. Sprung
Assistant Attorney General
Office of the Washington Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 326-5492
jeff.sprung@atg.wa.gov
*Counsel for Appellant the State of Washington*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the appellate CM/ECF system. I also certify that the participants in the case that are registered CM/ECF users will be served via the CM/ECF system.

/s/ *Jacob B. Boyer*
Jacob B. Boyer
Counsel for Appellants

## **CERTIFICATE OF COMPLIANCE**

This document complies with the requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5) and 32(a)(6), because it has been prepared in 14-point Times New Roman font, a proportionally spaced font, and it complies with the length limits of Federal Rule of Appellate Procedure 27(d)(2)(C), because it contains 904 words.

/s/ *Jacob B. Boyer*
Jacob B. Boyer
Counsel for Appellants